IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

FOOTHILLS RESOURCE GROUP, INC.,

          Plaintiff,

v.                                          CIVIL ACTION NO. 2:24-cv-00372

DARTS RENTALS, LLC,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Notice of Removal* (Document 1), the *Plaintiff's Motion for Remand and Incorporated Memorandum of Law* (Document 11), *Defendant Darts Rentals, LLC's Response to Motion to Remand* (Document 12), and all attached exhibits. For the reasons stated herein, the Court finds the motion should be granted.

**FACTUAL ALLEGATIONS**

The Plaintiff, Foothills Resource Group, Inc., brought this suit in the Circuit Court of Fayette County, West Virginia, on July 2, 2024. The Plaintiff is a Tennessee Corporation that is registered to do business in West Virginia. Foothills Resource Group operates WOAY-AM Radio. The Plaintiff is the modern assignee of a lease that allows it to occupy space on a telecommunications tower ("Tower") located in Oak Hill, West Virginia. The Defendant is Darts Rentals, LLC, and is the successor landlord of the lease in which the Plaintiff is a tenant.

The operative lease allows the Plaintiff to use the Defendant's Tower to broadcast its Federal Communication Commission (FCC)–licensed AM radio signal for the WOAY-AM radio

1

station. The lease was set to expire in 2030, after a rental period of forty years. For the first twenty years of the lease, the tenant (or its assignee) was to pay $250 per month. This rental amount increased to $375 per month for the following ten years and to $500 per month for the final ten years of the lease. The Plaintiff alleges that it made its lease payments on time until 2017.

Further, the lease contains a covenant for the Plaintiff's quiet enjoyment of the leased premises. It also states that the Defendant is to "maintain and repair the Tower in compliance with all governmental requirements and regulations, including those of the FCC . . ." (Lease Agreement at ¶ 18(c)) (Document 1-2 at 23.) The Defendant also agrees in the lease that it will not interfere with the Plaintiff's use of the Tower or its AM radio station operations. (*Id*. at 24.) Additionally, the Defendant agreed to "not permit the use of the Tower by any other radio, television or other telecommunication facility that would interfere with the transmission of Tenant's AM radio signal." (Lease Agreement at ¶ 18(d)) (*Id*.)

In July 2017, another one of the Defendant's tenants, the Thomas Broadcasting Company (known as WOAY-TV), upgraded its equipment on the Tower pursuant to the FCC's national repacking efforts.[1] The Plaintiff alleges that its transmission equipment was damaged by the Defendant's agents during the upgrades made to Thomas Broadcasting Company's equipment. Consequently, the Plaintiff's radio station has a "drifting" and "severely reduced" signal that is out of compliance with FCC regulations. (Document 1-2 at 4.) The Plaintiff states that the out-of-compliance signal may result in licensing issues for its radio station. Additionally, the Plaintiff's radio station has allegedly lost over half of its coverage area, which has, in turn, led to a loss of finances, clients, income, listeners, and advertisers.

---

1 During the FCC's national repacking efforts, many television stations were reassigned and moved to new channel assignments to increase the availability of high frequency space for other uses, such as wireless services. Affected stations could then file for reimbursement of expenses incurred in repacking.

The Plaintiff alleges that the Defendant acknowledged the damage to the Plaintiff's equipment that resulted from Thomas Broadcasting Company's FCC upgrades. The Defendant then sought reimbursement from the FCC for damage to the Plaintiff's equipment, as well as for the upgrades as a whole.

After trying unsuccessfully to reach an agreement with the Defendant regarding reimbursement for the damage to its equipment, the Plaintiff sent a demand letter to the Defendant in June 2023, detailing the damages it incurred and stating that its equipment needed to be fixed. The Defendant responded the following month with a letter terminating the Plaintiff's lease, citing its failure to pay rent after prior written notice. The Plaintiff states it has paid the Defendant $350 per month in rent, rather than the rent of $500 per month specified in the lease but has placed the difference in rent in an escrow account.

The Plaintiff asserts the following causes of action: Count One – Breach of Contract and/or Warranty of Peaceful and Quiet Possession and Count Two – Unlawful Retaliatory Eviction. It seeks compensatory damages, peaceful and quiet possession of the leased premises, and attorneys' fees. On July 20, 2024, the Defendant removed this case pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. The Plaintiff now moves to remand this case to the Circuit Court of Fayette County based on the Court's lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[2] This Court has original

---

[2] Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the

jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)). Under the substantial federal question doctrine, a cause of action raises issues of federal law if "a disputed question of federal law is an essential element of one of the well-pleaded state claims." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 445 (4th Cir. 2005). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 831 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."); *Spaulding v. Mingo Cnty. Bd. of Educ.*, 897 F. Supp. 284, 287 (S.D. W. Va. 1995) (Haden, J.) ("The rule is designed to allow the plaintiff the right to choose the forum . . . . The plaintiff either may assert state causes of action or include federal causes of action, thereby leaving the action vulnerable to removal by the defendant.").

"[T]he vast majority of cases brought under the general federal question jurisdiction of the federal courts are those in which federal law creates the cause of action [and t]he well pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint." *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366-369-70 (4th Cir. 2001) (citing *Merrell Dow Pharm.*, 478 U.S. at 808).

When a complaint does not arise under federal law on its face, the Supreme Court in *Grable & Sons Metal Prod., Inc. v. Darue Eng'g and Mfg.* and *Gunn v. Minton* clarified when a claim can

---

place where such action is pending.

28 U.S.C. § 1441(a).

nevertheless be removed to federal court. 545 U.S. 308 (2005); 568 U.S. 251 (2013). The Court in *Grable* held that federal jurisdiction over a state claim exists if a federal issue is necessarily raised, actually disputed, substantial, and capable of resolution in federal court without disrupting the federal–state balance approved by Congress. *Grable*, 545 U.S. at 314. The third element of the *Grable* test was clarified in *Gunn*; the Court held that the substantiality inquiry looks to the importance of the issue in a particular case to the federal system as a whole. *Gunn*, 568 U.S. at 260. This standard is known as the *Grable–Gunn* test.

Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441. Section 1446 requires that "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Additionally, Section 1446 requires a defendant to file a notice of removal within thirty days after receipt of the initial pleading. It is a long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging jurisdiction in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT&T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). In deciding whether to remand, because removal by its nature infringes upon state sovereignty, federal courts must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

"When a case presents a federal question, the court has supplemental jurisdiction over state law claims which are part of the same case or controversy." *Pinnoak Resources, LLC v. Certain*

*Underwriters at Lloyd's, London,* 394 F.Supp.2d 821, 828 (S.D. W. Va. Jan. 13, 2005) (Faber, J.) (citing 28 U.S.C. § 1367.) "The United States Supreme Court has ruled that the supplemental jurisdiction statute applies to removal actions." *Id.* (citing *City of Chicago v. International College of Surgeons,* 522 U.S. 156 (1997)). Section 1367 of the United States Code Title 28, the supplemental jurisdiction statute, provides that "the court is permitted, but is not required, to retain jurisdiction over the related state claims." *Id*. "[A] court has discretion to dismiss or keep a case when it 'has dismissed all claims over which it has original jurisdiction.'" *Shanaghan v. Cahill,* 58 F.3d 106, 110 (4th Cir. 1995) (quoting 28 U.S.C. § 1367(c)(3)). In other words, a federal court may retain state law claims even after "the federal basis for an action drops away." *Id.* at 109 (citing 28 U.S.C. § 1367). "[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Id.* at 110 (citation omitted). A district court's decision to retain or to decline jurisdiction may be informed by the "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity and considerations of judicial economy." *Id.* (citing *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350 n.7 (1988)).

## DISCUSSION

In its Notice of Removal, the Defendant asserts that the Plaintiff's Complaint states a federal question on its face by implicating entities that broadcast over radio, which are subject to the FCC's exclusive jurisdiction. It states that the upgrades Thomas Broadcasting Company undertook were mandatory under the FCC's repacking plan and thus any effort the Plaintiff makes to seek compensation is a legal attack on a final FCC order, over which the D.C. Circuit Court of Appeals has exclusive jurisdiction. Additionally, the Defendant argues that supplemental

jurisdiction under 28 U.S.C. § 1367 allows this Court to review its counterclaim of failure to pay rent on a timely basis.

Furthermore, the Defendant argues that although the Plaintiff asserts state law claims, these claims implicate significant federal issues when considering the *Grable–Gunn* test and are therefore subject to federal jurisdiction. First, the Defendant alleges that the federal issue in the Plaintiff's case is necessarily raised because the alleged interference with the Plaintiff's signal occurred while mandatory FCC upgrades were made to Thomas Broadcasting Company's equipment. Second, it states the issue is actually disputed because the Plaintiff claims the upgrades were voluntary, while the Defendant states the upgrades were mandatory pursuant to a final FCC order. Third, it argues the federal issue is substantial because the repacking efforts were undertaken to free up high frequency space needed to accommodate the influx of mobile device users, at a cost of nearly $20 billion. Fourth, it asserts the federal issue is capable of resolution without disrupting the balance between federal and state courts because the labor division between state and federal courts will not be upset, national communication policies are at issue, the Defendant's responsibility to comply with federal law is implicated by the controlling lease, and administrative remedies are available to the Plaintiff.

The Plaintiff maintains that this case does not present a federal question because it is a landlord–tenant dispute controlled by a private contract. Further, the Plaintiff argues that any signal interference that occurred is a result of physical damage to its equipment, rather than competing electronic signals. It acknowledges that while competing electronic signals would be within the FCC's purview, a private contract dispute is not, and is instead controlled by West Virginia law and thus belongs in state court. Lastly, the Plaintiff states that the FCC and the D.C. Circuit Court of Appeals have held that private contractual disputes are excluded from the FCC's

authority and such cases should be litigated in state and local courts. *In Re Stop 26 Riverbend, Inc.*, 18 F.C.C. Rcd. 22734 (2003); *Listeners' Guild, Inc. v. F.C.C.*, 813 F.2d 465 (D.C. Cir. 1987).

The Court finds that a federal question is not raised on the face of the Complaint and that it thus lacks subject matter jurisdiction in this case. Here, the Plaintiff raises only state law causes of action (breach of contract, breach of warranty of quiet possession, and unlawful retaliatory eviction) and does not request any additional relief that would put this case within the purview of the federal courts. Whether the alleged breach and damage to the Plaintiff's broadcasting equipment occurred because of or during repacking upgrades led by the FCC is immaterial to the Plaintiff's claims. Rather, the primary focus of the case is whether the Defendant breached its lease contract with the Plaintiff. Further, the Plaintiff is not attacking the FCC's final order that certain stations engage in repacking, but simply is alleging that the Defendant damaged the Plaintiff's equipment during the repacking efforts, resulting in a breach of contract.

The Plaintiff's claims also fail to meet the *Grable–Gunn* test. There is no federal issue here that is necessary for the Plaintiff's case to be resolved. Under West Virginia law, a breach of contract is proved when a plaintiff shows that a contract existed, a party to the contract failed to comply with the contract, and damages resulted from the contract breach. Syl. Pt. 1, *State ex rel. Thornhill Group, Inc. v. King,* 759 S.E.2d 795 (W. Va. 2014); *see also Wetzel County Savings & Loan Co. v. Stern Bros., Inc.,* 195 S.E.2d 732, 736 (W. Va. 1973). To prove a breach of the covenant of quiet enjoyment in West Virginia, a plaintiff must prove he was denied possession of the leased premises or disturbed in his possession of the premises by an individual with superior title. *Gaffney v. Stowers*, 80 S.E. 501–02 (W. Va. 1913). Finally, a tenant in West Virginia proves an affirmative cause of action for retaliatory eviction when he shows that "the landlord's conduct is in retaliation for the tenant's exercise of a right incidental to the tenancy." Syl. Pt. 1, *Murphy v.*

8

*Smallridge*, 468 S.E.2d 167 (W. Va. 1996). None of these causes of actions implicate whether the Defendant was required to comply with repacking efforts, whether the Defendant actually did comply with the FCC repacking order, or whether FCC repacking was voluntary.

Consequently, the Defendant has not carried its burden of showing that this Court has subject matter jurisdiction under the federal question doctrine. Without subject matter jurisdiction, the Court cannot exercise supplemental jurisdiction over any of the Plaintiff's claims. Thus, the case should be remanded.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Motion for Remand and Incorporated Memorandum of Law* (Document 11) be **GRANTED,** that this matter be **REMANDED** to the Circuit Court of Fayette County, West Virginia, and that any pending motions be **TERMINATED as MOOT and held for consideration by the Circuit Court of Fayette County, West Virginia**. Lastly, the Court **ORDERS** that the Clerk **REMOVE** this matter from the docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to the Clerk of the Circuit Court of Fayette County, West Virginia.

ENTER: October 7, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA